# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAMONT DADE,<br>　　Plaintiff, | :<br>:<br>: |
| v. | : CIVIL ACTION NO. 18-CV-5470<br>: |
| JAMES PITTS,<br>　　Defendant. | :<br>: |

## MEMORANDUM

**KENNEY, J.**                                                                                          **FEBRUARY 8, 2019**

On December 19, 2018, the Court received from *pro se* Plaintiff Lamont Dade a Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 2), a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) and a Prisoner Trust Fund Account Statement (ECF No. 3). By Order entered on December 21, 2018, the Court denied Dade's Motion for Leave to Proceed *In Forma Pauperis* without prejudice because he had failed to file a copy of his prisoner account statement for the entire six-month period prior to the filing of this civil action. (ECF No. 5.) The Court directed Dade to either submit $400.00 or a copy of his entire prisoner account statement within thirty (30) days. (*Id.*) The Court also noted that if Dade was seeking to challenge the constitutionality of his conviction and sought release from imprisonment on that basis, he could seek to file a Petition for Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254. (*Id.*)

More than thirty (30) days passed, and Dade neither paid $400.00 nor submitted a copy of his prisoner account statement. Accordingly, by Order entered on February 5, 2019, the Court dismissed this action without prejudice for failure to prosecute. (ECF No. 6.) However, the next day, the Court received a new Motion for Leave to Proceed *In Forma Pauperis* and a complete prisoner account statement from Dade. (ECF Nos. 7, 8.) In light of Dade's *pro se* status, the

Court will reopen this case and vacate its February 5, 2019 Order. For the reasons set forth below, the Court will grant Dade leave to proceed *in forma pauperis* and dismiss his Complaint.

I.  **FACTS**

Dade has sued James Pitts, a former homicide detective with the Philadelphia Police Department, for violations of his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments. (Compl. at 14.)[1] Dade alleges that Pitt violated his rights by "question[ing him] without the knowledge or consent of [his] parent, guardian, or legal representative on September 22, 2006 & August 1, 2007 while [he] was below the age of 18 years." (*Id.*) Dade states that when he was 16 years old, Pitts picked him up from his father's residence and transported him to the homicide division to "talk about [his] friend being killed and [his] cousin, Corey Ford, being shot." (*Id.*) During the interview, Dade twice asked Pitts to call his father. (*Id.*) Pitts ultimately allowed Dade to sign release papers and call his father to pick him up. (*Id.*)

Dade was once again taken to the homicide division on August 1, 2007. (*Id.*) Pitts told Dade that Ford had accused him of killing his best friend. (*Id.*) Dade asked Pitts to call his father, and Pitts refused. (*Id.*) Ultimately, Pitts told Dade to sign some papers so that he could go home. (*Id.* at 2.) Dade signed them, thinking that he would be allowed to go home. (*Id.*) He claims that Pitts did not allow him to read the contents of the papers. (*Id.*) Dade called his father to come pick him up, but was then taken to the basement, where he had a video hearing and was charged with first degree murder and attempted murder. (*Id.*)

Dade claims that he did not realize until he was 18 years old and had received his discovery that "there was a fabricated confession with [his] signature on it." (*Id.*) In 2008, prior to sentencing, Dade was transported to the District Attorney's Office by Pitts and another

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

2

detective. (*Id.*) After arriving, Pitts told Dade that if he "did not do what he said then he would, 'throw more murders your way.'" (*Id.*) Pitts told Dade "to tell the District Attorney that 'Cooge' gave him the gun." (*Id.*) Dade did as Pitts told him "in fear of additional murder charges being lodged against him." (*Id.*) He signed some papers and was sentenced the next day to 25 to 50 years of incarceration. (*Id.*) Public dockets reflect that Dade was found guilty of third-degree murder, aggravated assault, criminal conspiracy, firearms not to be carried without a license, and robbery—threat of immediate serious injury and was sentenced to a total of 25 to 50 years of incarceration. *Commonwealth v. Dade*, Docket No. CP-51-CR-0013000-2007 (Phila. Ct. Common Pleas).

Dade alleges that in *Commonwealth v. Thorpe*, Docket No. CP-51-CR-0011433-2008, Judge Sarmina concluded that the homicide division of "had an unconstitutional pattern and practice 'of physically and psychologically coercing, threatening, and intimidating witnesses and suspects into making/signing false statements.'" (Compl. at 15.) Dade alleges that Pitts "has had a history of Misconduct since 2004," and that he has made other individuals sign false confessions. (*Id.* at 16.) As relief, Dade seeks "[r]elease from custody, vacated sentence, exoneration or any other appropriate relief that this court deems necessary in regards to these matters." (*Id.*

## II. STANDARD OF REVIEW

The Court will grant Dade leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the

---

[2] However, as Dade is a prisoner, he will be obligated to pay the $350.00 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

3

same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Dade is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As discussed below, the Complaint fails to state a cognizable claim for relief at this time.

As noted above, Dade seeks "[r]elease from custody, vacated sentence, exoneration or any other appropriate relief." (Compl. at 16.) His claims of wrongful incarceration, however, are not cognizable under § 1983 at this time. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Accordingly, any attempts by Dade to vacate his convictions and sentences must be pursued in a *habeas* case, after exhausting state remedies, rather than a civil rights action.

Furthermore, "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or

sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)— if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)). As Dade's convictions and sentences have not been reversed, expunged, or otherwise invalidated, any claims that challenge his convictions are not currently cognizable under § 1983. In other words, Dade cannot raise claims challenging the constitutionality of any aspect of the proceedings leading to his convictions and sentences at this time.

## IV. CONCLUSION

For the foregoing reasons, the Court will reopen this case and vacate its February 5, 2019 Order. The Court will also grant Dade leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal will be without prejudice to Dade's right to pursue his claims, which are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), in a new lawsuit only if he is successful in challenging his convictions and sentences in state court or federal *habeas* proceedings. Dade will not be permitted to file an amended complaint, as amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002). An appropriate Order follows.

BY THE COURT:

_____
CHAD F. KENNEY, J.